In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Rehabilitate the NEW YORK TITLE AND MORTGAGE COMPANY.

Supreme Court, New York County, January 7, 1935.

*Harry Rodwin* [*A. Kaufman* of counsel], for the Superintendent of Insurance.

*Wagner, Quillinan & Rifkind* [*S. H. Rifkind* of counsel], for the Committee for Reorganization of Series F Certificate Holders.

Numerous appearances for other parties interested.

FRANKENTHALER, J. This is a proceeding, under the Schackno Act (Laws of 1933, chap. 745), for the reorganization of the rights of holders of series F certificates, issued and guaranteed by New York Title and Mortgage Company. There are about 550 holders of series F certificates. The certificates are secured by a group of twelve mortgages, of an aggregate principal amount of $2,662,550, on Manhattan and Bronx properties. Two of these mortgages have been foreclosed and title taken in the name of a subsidiary of New York Title and Mortgage Company. Two other mortgages are in the process of foreclosure.

Two plans of reorganization have been promulgated by the Superintendent of Insurance. The original plan called for the formation of a corporation to be owned and controlled by the certificate holders. The disadvantages of this plan and the unfavorable reaction which it produced among the certificate holders led

to the Superintendent's promulgation of a trustee plan, substantially the same as that which he promulgated for series F-1. (*Matter of New York Title & Mortgage Co.*, 153 Misc. 858.) The proceedings for the promulgation of the corporate and trustee plans, respectively, have been consolidated for the purpose of making the minutes of the hearings on the corporate plan part of the record pertaining to the trustee plan. The corporate plan has, however, been abandoned in favor of the trustee plan.

A committee representing a substantial number of series F certificate holders has proposed that the Superintendent's plan be modified (1) by shortening the period for the nomination and election of trustees, (2) by eliminating the provisions conferring additional powers upon the Superintendent during said period, and (3) by eliminating the provision permitting a minority of the certificate holders to elect, as sole trustee, a mortgage authority, if one is hereafter created by the Legislature. Other certificate holders have proposed that the court appoint temporary trustees to supersede the Superintendent of Insurance for the period commencing with the effective date of the plan and expiring with the qualification of the permanent trustees elected by the certificate holders. All these proposals have been disapproved by the Superintendent of Insurance.

The problems presented by series F are practically the same as those involved in series F-1. The only important difference between the two series is that F-1 represents a much larger and more widely held issue. The plan of reorganization approved by the court for series F-1 is equally adapted to the requirements and problems of series F. The same modifications in the Superintendent's trustee plan as were made in connection with series F-1 should be made in the instant proceeding, and for the same reasons. Counsel for the Superintendent of Insurance, during the hearings, has expressly recognized the desirability of keeping the plans for the various group issues as uniform as possible.

The trustee plan promulgated by the Superintendent is accordingly modified so as to make it identical with the plan approved by the court for series F-1. Settle order and plan upon three days' notice.